IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:15-CV-00147-RLV-DCK

| | |
|---|---|
| JONATHAN BYNUM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| LINCOLNTON HOUSING AUTHORITY, | ) ) ) |
| Defendant. | ) ) |

**BEFORE THE COURT** is Plaintiff Jonathan Bynum's Motion to Proceed *in forma pauperis* (Doc. 2) and his Motion for Default Judgment (Doc. 4).

On a motion to proceed *in forma pauperis,* the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Michau v. Charleston Cty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is frivolous "whe[n] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

*White v. White,* 886 F.2d 721, 722–23 (4th Cir.1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those

1

claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

Although challenging to understand, Plaintiff's Complaint suggests that Defendant Lincolnton Housing Authority denied Plaintiff's application for public housing assistance based on Plaintiff's criminal record. (Doc. 1 at 2; *see also* Doc. 1-1 at 3). Plaintiff's Complaint lists two causes of action; the first alleging a procedural due process violation and the second based on a "combination, restraint of trade." (Doc. 1 at 3). As to the first cause of action, while a procedural due process violation can serve as the basis for a valid cause of action, Plaintiff fails to coherently allege any facts that suggest how or when Defendant violated his due process rights.[1] Thus, Plaintiff's Complaint, in its current form, does not meet Fed. R. Civ. P. 8(a)'s pleading standard because it fails to give Defendant proper notice of any facts underlying the claim and does not allow for the inference that Defendant violated Plaintiff's procedural due process rights. Accordingly, Plaintiff's first cause of action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] In the supporting facts section of his first cause of action, Plaintiff states "delays, forfeitures, and after an confirmation defendant, displayed no record search, for Plaintiff conditions or housing."

Regarding Plaintiff's second cause of action, no cause of action exists for "combination" and it is not apparent how Defendant's determination that Plaintiff was ineligible for public housing assistance could give rise to a cause of action for unfair trade practices or, otherwise, restrains trade. Plaintiff's description of his claim does nothing to ameliorate these deficiencies.[2] (*See* Doc. 1 at 3). Accordingly, the second cause of action is frivolous and is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Having concluded that both of Bynum's causes of action fail to meet the standard set our in 28 U.S.C. § 1915(e)(2), the Court **DENIES** Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2). Furthermore, because the Court dismisses Plaintiff's Complaint and because service of process was not executed on Defendant during the pendency of Plaintiff's Motion to Proceed *in forma pauperis*, the Court **DENIES** Plaintiff's Motion for Default Judgment (Doc. 4).

**IT IS, THEREFORE, ORDERED THAT:**

(1)   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **DENIED**;

(2)   Plaintiff's Motion for Default Judgment (Doc. 4) is **DENIED**;

(3)   Plaintiff's Complaint is **DISMISSED**; and

(4)   The Clerk is **DIRECTED** to remove this case from the Court's docket.

Signed: February 21, 2017

Richard L. Voorhees
United States District Judge

---

[2] Word for word, the supporting facts Plaintiff identifies in his second cause of action read "an agreement between Plaintiff and defendant objective is criminal in nature." (Doc. 1 at 3).